NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0652n.06

No. 09-4018 & 09-4199

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 15, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| HADIYA ABDULSALAAM, Individually, and as Mother and Natural Guardian of Makeba Kristos, a minor, et al., | ) ) ) ) | |
| Plaintiffs-Appellees/Cross-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| FRANKLIN COUNTY BOARD OF COMMISSIONERS, FRANKLIN COUNTY CHILDREN SERVICES'S BOARD OF TRUSTEES, JOHN SAROS, and COURTNEY ALLENSWORTH, | ) ) ) ) ) ) | |
| Defendants-Appellees, | ) ) | |
| and | ) ) | |
| AMBER SPIRES, | ) ) | |
| Defendant-Appellant/Cross-Appellee. | ) | |

Before: GIBBONS and COOK, Circuit Judges; and VAN TATENHOVE, District Judge.[*]

PER CURIAM.  Hadiya AbdulSalaam and her three daughters brought this § 1983 action against the Franklin County Board of Commissioners, the Franklin County Children's Services (FCCS) Board of Trustees, and several FCCS employees—caseworker Amber Spires, supervisor

---

[*]The Honorable Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Courtney Allensworth, and Executive Director John Saros—for constitutional and common law violations related to the Defendants' alleged fabrication of abuse and neglect evidence. The district court granted summary judgment to all defendants except Spires.

Spires interlocutorily appeals, claiming that absolute and qualified immunity protect her from liability for allegedly breaching Plaintiffs' substantive due process and First Amendment rights. Plaintiffs cross-appeal the district court's determinations that neither Saros nor Allensworth knew the information they conveyed to the media or other organizations was false or acted with retaliatory intent, and that Allensworth failed to take sufficient affirmative action to render her liable for Spires's misconduct.

## I. Background

Hadiya AbdulSalaam, an African-American mother of four daughters (Mandisa, Makeba, Meserete, and Masika) and one son (Mandela), converted her family to Islam when she married Naim AbdulSalaam in 1996. The parents initiated contact with FCCS seeking help controlling their teenage son's behavior. Spires contends that Mandela intimated that he suffered physical abuse at home. These allegations prompted Spires to conduct two family visits and shortly thereafter recommend removal of the AbdulSalaam's three minor daughters because, according to the custody complaint, Hadiya neglected their educational needs. The district court adequately set forth the facts underlying Plaintiffs' claims, appropriately noting the many genuine factual disputes, and we need not repeat them in detail here. Ultimately, more than a year after FCCS removed the children and

after extensive judicial proceedings, the Juvenile Court dismissed the complaint against the AbdulSalaams and exonerated Hadiya.

Plaintiffs brought suit under 42 U.S.C. § 1983, complaining that the Defendants denied them the equal protection of the law by administering FCCS services to the African-American family in a racially discriminatory manner; violated their substantive due process by (a) infringing the children's free exercise of religion, (b) depriving the family of their First Amendment right to familial association, and (c) breaching Hadiya's Fourteenth Amendment right to direct the education and upbringing of her daughters; and retaliated against Hadiya for her public criticism of FCCS in violation of the First Amendment. Plaintiffs also accused Defendants of the Ohio tort, intentional infliction of emotional distress.

Defendants moved for summary judgment on all counts. The district court found no evidentiary support for Plaintiffs' *racial* discrimination claim (noting instead that only *religious* discrimination appeared to underlie FCCS's actions), granted all defendants except Spires summary judgment, and awarded Spires qualified immunity on Plaintiffs' claim that FCCS's actions infringed the girls' freedom of religion. The court found that qualified immunity did not, however, shield Spires from liability for violating Plaintiffs' right to familial association, Hadiya's liberty interest in directing her children's upbringing, or Hadiya's First Amendment rights; nor did state statutory immunity prevent a jury from finding that Spires's actions intentionally inflicted emotional distress.

Spires appeals all four adverse determinations. Plaintiffs cross-appeal, but notably abandon their race-related claims and municipal-liability claims against Franklin County. Instead, Plaintiffs seek to reverse the district court's holdings that neither Allensworth nor Saros participated sufficiently in the unconstitutional activity for a jury to find Allensworth liable on the familial association claim or either defendant liable for First Amendment retaliation.

## II. Analysis

### A. Jurisdiction

We lack jurisdiction to consider whether the district court correctly determined that genuine factual disputes precluded awarding Spires qualified immunity on Plaintiffs' substantive due process and First Amendment retaliation claims. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). We accordingly dismiss Spires's qualified immunity appeals, as she urges us to consider only factual aspects of the lower court's decision.

We retain jurisdiction over Spires's appeal of the district court's absolute immunity and state statutory immunity denials, Ohio Rev. Code § 2744.02(C) ("An order that denies . . . the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."); *Will v. Hallock*, 546 U.S. 345, 350 (2006) (absolute immunity denials qualify as final and appealable); and properly review the questions of law Plaintiffs raise on cross-appeal, *Boyd v. Baeppler*, 215 F.3d 594, 596 (6th Cir. 2000).

B. *Absolute and State-Statutory Immunity*

We find that no jurisprudential purpose would be served by issuing a panel opinion regarding Spires's claims to absolute and state-statutory immunity in view of the well-reasoned, comprehensive opinion of the district court, which the panel hereby adopts as its opinion to affirm the district court judgment.

C. *Plaintiffs' Cross-Appeal*

1. *Supervisory Liability*

The district court granted Saros and Allensworth summary judgment due to Plaintiffs' failure to clearly respond to Allensworth's and Saros's arguments that neither of them actively participated in or encouraged Spires's illegal conduct. "[T]hat failure alone," the court held, "warrants summary judgment in Defendants favor on that issue." *Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 578 (S.D. Ohio 2009). In the alternative, the court addressed the merits of Plaintiffs' claims against the two supervisors and found that Plaintiffs failed to demonstrate that either "encouraged or condoned the actions of their inferiors." *Id*. (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751–52 (6th Cir. 2006)).

Plaintiffs' failure to counter the court's primary holding moots this prong of their cross-appeal which attacks only the court's alternate reasoning. *See United States v. Thornton*, 609 F.3d

373, 380 (6th Cir. 2010) (when district court articulated two dispositive holdings, appellant's failure to address both prompted court of appeals to decline review of either).

### 2. First Amendment Retaliation

Here too, the district court rightly faulted the Plaintiffs' failure to point to evidence in support of the necessary "intent" element in their response to the Defendants' summary judgment motion. Plaintiffs' Third Claim charged that "a motivating factor in the actions taken by Defendants after Plaintiff and others began complaining of discrimination based on religion and race was to intimidate and silence Plaintiff . . . ." Plaintiffs did not argue before the district court that temporal proximity alone sufficed to establish intent. Thus, in the absence of any evidence that Saros's motive in responding to the newspaper was to "intimidate and silence" Plaintiffs, we discern no legal error.

### III. Conclusion

We dismiss Spires's qualified immunity appeal for lack of jurisdiction, adopt and affirm the district court's absolute immunity and state statutory immunity judgments, deny the cross-appeal as moot due to Plaintiffs' failure to challenge the district court's supervisory-liability holding and affirm the district court's granting of summary judgment on Plaintiffs' First Amendment claims.